ROBERT L. BLAND, Judge.
The claim in this case is in the sum of $127.50 and arises out of a highway accident. The record thereof, prepared by the state road commission, was filed with the clerk September 9, 1945. The agency concerned concurs in the claim. It is approved by an assistant attorney general as a claim for which, within the meaning of the act creating the Court of Claims, an appropriation should be made by the Legislature.
The following facts, relied upon for an award in the amount claimed, appear from the record of the case.
About ten o’clock on the morning of September 17, 1944, claimant was driving a 1935 model Buick coupe automobile, bearing license number 157-031, in an easterly direction on state route 20, opposite the Hope Natural Gas Company station, at Hastings, Harrison County, West Virginia. The prison labor division of the state road commission was at the time excavating material from a hillside by the use of shovel and loading into *123 trucks to be hauled away. As she approached the place where the men were working she noticed the shovel and truck, the shovel being on the left side of the road and the truck crosswise of the road on the right side, with the front wheels on the berm, the truck being at a standstill. Claimant slowed down with the intention of stopping, but the flagman motioned her to proceed on her course. As she did so and was passing the rear of the state road commission truck the operator- of the truck backed it into the automobile being so driven by claimant, thereby causing a collision, from which claimant suffered personal injuries and the vehicle she was operating was badly damaged.
The flagman admits that he gave claimant the signal to pass. The operator of the state truck claims that he looked back but did not observe the car's approach until he heard the collision.
Claimant’s personal injuries consisted of bruised forehead, loss of tooth, and pain around the right margin of the thoracic cavity extending from the sternum to the vertebral bodies. For necessary attention and treatment she incurred liability to pay doctor and dentist bills amounting to $51.00 as shown by itemized statements made parts of the record. She should be compensated by way of an award for this amount. The balance of her claim, $76.50, is for damages sustained to the automobile which she was driving at the time of the collision. She is not entitled to an award for such damages because it appears from the record that the automobile did not belong to her but was owned by her daughter, Miss Leah King, who could have been made a coclaimant with her mother, but was not. We must deal with the record as it comes to us. Notwithstanding the concurrence of respondent in the whole claim and its approval by the attorney general’s office, we cannot recommend an appropriation of $76.50 to claimant for damages to an automobile which she does not own. In a way the members of the Court of Claims are guardians of the public revenues.
The owner of the damaged automobile can hereafter file a claim with the state road commission for the damage to which the record shows she would be entitled, if she elects to do so.
*124 An award is made in favor of claimant Bessie L. King for fifty - one dollars ($51.00) to cover personal injuries suffered by her on account of the accident hereinbefore mentioned, but an award to her for damages to the automobile in which she was driving — and belonging to her daughter — is denied, regardless of any agreement which may have been made by the officials of the road commission before the claim came to this court. Such agreements cannot control the action of the court, which must depend upon the showing made by the record of each claim which it may be called upon to determine. Only the head of a state agency is authorized by the court act to concur in a claim. No such power is given by statute to subordinate officials.